# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                          **Case No. 06-CR-132**

**COREY KUBLIK**
        **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Corey Kublik pleaded guilty to conspiracy to distribute 50 kilograms or more of marijuana. The probation office prepared a pre-sentence report ("PSR"), setting defendant's offense level at 15 (base level 20, U.S.S.G. § 2D1.1(c)(10); minus 2 under the safety valve provision, § 2D1.1(b)(9); and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an advisory sentencing guideline range of 18-24 months. Neither side objected to the PSR's guideline calculations or sought a departure pursuant to the Sentencing Commission's policy statements, but defendant requested a non-guideline sentence under 18 U.S.C. § 3553(a), while the government advocated a sentence within the range. In this memorandum, I set forth the reasons for the sentence imposed.

## I. SENTENCING FACTORS

In imposing sentence, the court must consider the factors set forth in 18 U.S.C. § 3553(a), which include:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the advisory guideline range;

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  The statute directs the court, after considering those factors, to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2).

## II.  DISCUSSION

**A.     Nature of Offense**

Defendant was involved in selling marijuana in fairly substantial amounts over a period of about four years.  He obviously had considerable success, as officers seized more than $100,000 in cash, a 1987 Porsche 944, a 2000 Audi Quatro, and an Isizu Rodeo after his arrest.  Defendant agreed to forfeiture of these assets.

On the mitigating side, there was no evidence of violence, weapon possession or threats, and defendant qualified for the so-called safety valve reduction.  See U.S.S.G. §

2

5C1.2.[1]  While the government initially suspected defendant of cocaine dealing, it later came to the conclusion that he was not involved in selling substances other than marijuana.

## B.    Character of Defendant

Defendant was twenty-nine years old and had otherwise lived a pro-social life.  He had no prior criminal record.  He graduated high school with good grades and went on to obtain an associate's degree from Gateway Technical College, again earning academic honors.  He continued to seek his bachelor's degree, even while this case was pending.  Defendant participated in a wide array of extra-curricular activities in addition to his classes and was a member of the Kenosha Astro Club.

Defendant also had a solid employment record, working as a floor installer for the past two years while he attended school.  His employer and a customer both wrote positive letters.  He worked as a laborer and in various other jobs before that; in fact, it appeared that since the age of twelve he had always worked legitimate occupations, in addition to going to school.

Defendant was unmarried and had no children.  His girlfriend of two years, with whom he was living before his arrest, made positive statements to the PSR writer, and his family remained quite supportive.  Many friends and family members appeared in court to support defendant.

---

[1]This provision applies if the defendant (1) had no more than 1 criminal history point; (2) did not use violence or credible threats of violence, or possess a firearm or other dangerous weapon; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager or supervisor of others in the offense; and (5) the defendant truthfully provided to the government all information and evidence he had concerning the offense.  U.S.S.G. § 5C1.2(a).

3

I also received a slew of positive letters about defendant. Defendant's mother stated that he was always a good student and worked hard in addition to his studies. His girlfriend wrote that defendant was reliable, loving and caring, and put others' needs before his own. His employer indicated that he was a great asset, and a building owner remarked on the great work he did. A friend, now a Milwaukee Public School teacher, described how defendant helped her stay in school. Others said much the same. Collectively, the letters portrayed a compassionate young man who had a positive impact on the lives of those around him. After United States v. Booker, 543 U.S. 220 (2005), these positives in a person's character mean something. See, e.g., United States v. Fernandez, 436 F. Supp. 2d 983, 990-91 (E.D. Wis. 2006); United States v. Ranum, 353 F. Supp. 2d 984, 986, 990-91 (E.D. Wis. 2005).

Defendant had a history of marijuana and cocaine use but abstained during the six months he was on pre-trial release; all drug tests were negative, and he participated in counseling and otherwise followed all of the rules of release. Finally, defendant made efforts to cooperate with the government and provided all information he had about his involvement in dealing. This demonstrated some positive character development and also served the dual purpose of severing defendant from those involved in criminal activity, making him less likely to re-involve himself in such activity.

## C. Purposes of Sentencing

Given his lack of record and the circumstances of this case, I found that defendant was not dangerous or a serious risk of recidivism. He was educated, employable and enjoyed significant family support, which would aid in his re-integration into the community and make him a lower risk.

4

However, there was a need for some period of confinement to promote respect for law and deter others. Despite defendant's substantial accomplishments, I could not ignore the apparent scope of his involvement in dealing. Most dealers I have seen have not accumulated the type of cash and other possessions defendant did.

Aside from perhaps continued drug treatment, defendant had no correctional treatment needs. He owed no restitution.

## D. Consideration of Guidelines

The guidelines called for a term of 18-24 months. Under all of the circumstances, I found a sentence slightly below the range sufficient but not greater than necessary. The guidelines in this case provided an adequate measure of punishment, but did not take into account the significant positives discussed above: his educational and work record, his family and community support, his positive impact on the lives of others, and his good conduct over the past six months.[2] These positives persuaded me that the guidelines produced a sentence somewhat greater than necessary to protect the public, punish defendant and deter him from re-offending. A sentence somewhat below the range, which still included a substantial period of confinement, was sufficient to promote respect for law and deter others.

---

[2]It is true that the Commission's policy statements advise against departure based on the defendant's educational and vocational skills (and, indeed, most other aspects of his character). See U.S.S.G. § 5H1.2. However, the guidelines are now advisory only, while § 3553(a)(1) commands that I consider the character and background of the defendant. The statute trumps the guidelines, and if Booker means anything, it is that the court can now give effect to significant positives in the defendant's character notwithstanding the guidelines' focus on only criminal history. See United States v. Long, 425 F.3d 482, 488 (7th Cir. 2005) ("Freed from the mandatory nature of that structure, the court will be free to consider the factors outlined in 18 U.S.C. § 3553(a), including those that were specifically prohibited by the guidelines[.]").

5

Under all of the circumstances, I found a sentence of 12 months and one day sufficient but not greater than necessary. This sentence varied just two levels from the guideline range and was supported by the particular facts of the case; thus, it did not create unwarranted disparity.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and one day. I recommended that he be placed as close to his family as possible, and that he participate in any drug treatment programs available. I further ordered that he serve a three year supervised release term, with a drug aftercare condition. Other terms of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2006.

/s Lynn Adelman

_____

LYNN ADELMAN
District Judge

6